UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**FILED**

2006 JUL 28 A 9 59

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CHARLES FRANKLIN TOMBLIN,

           Plaintiff,

v.

           Case No. 3:06-cv-663-J-20HTS

JOHN RUTHERFORD, etc.; et al.,

           Defendants.

---

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this case by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on July 24, 2006. Plaintiff names numerous Defendants in this action and claims that they were deliberately indifferent to his serious psychiatric needs while he was incarcerated at the John E. Goode Pretrial Detention Facility.

Upon review of the Complaint, it is clear this case is due to be dismissed as frivolous. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v.

<u>Williams</u>, 490 U.S. 319, 328 (1989).  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," <u>id</u>. at 327, or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  <u>Bilal v. Driver</u>, 251 F.3d at 1349.

Here, Plaintiff's claims are barred by the statute of limitations.  Although 42 U.S.C. § 1983 does not have a statute of limitations provision, the courts look to the limitation periods prescribed by the state in which the litigation arose.  In all § 1983 actions, the state limitations statute governing personal injury claims should be applied.  See <u>Wilson v. Garcia</u>, 471 U.S. 261, 276-79 (1985); <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 n.2 (11th Cir. 1987).

> The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries. See <u>Wilson v. Garcia</u>, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (stating that state statutes of limitations for personal injuries govern § 1983); <u>Baker v. Gulf & Wester Industries, Inc.</u>, 850 F.2d 1480, 1482 (11th Cir. 1988) (stating that Fla. Stat. Ann. § 95.11(3) provides for a four-year limitations period for personal injuries).

<u>Omar ex. re. Cannon v. Lindsey</u>, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (appendix).

- 2 -

Plaintiff alleges that the Defendants were deliberately indifferent to his serious psychiatric needs while he was housed at the John E. Goode Pretrial Detention Facility from April 16, 2002, until approximately July 10, 2002.[1] Thus, in order to file this action before the statute of limitations expired, Plaintiff would have been required to hand his Complaint to prison authorities for mailing to this Court no later than July 10, 2006. However, Plaintiff signed his Complaint on July 20, 2006, and presumably handed it to prison authorities for mailing to this Court the same day.[2] Therefore, Plaintiff's claims are barred by the four-year statute of limitations and are due to be dismissed as frivolous. See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."). Accordingly, the Court will dismiss this case without prejudice.[3]

---

[1] According to the website of the Florida Department of Corrections, see http://www.dc.state.fl.us/ActiveInmates, Plaintiff committed the offense for which he is incarcerated on April 16, 2002, was sentenced for that offense on June 21, 2002, and placed into the custody of the Florida Department of Corrections on July 9, 2002.

[2] The Court notes that the computer print-out appended to Plaintiff's Affidavit of Indigency (Doc. #2) contains the transactions in his prison account from January 20, 2006, through July 20, 2006.

[3] See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (finding that the district court properly dismissed the plaintiff's claims as time-barred prior to service since the plaintiff did not allege facts that would support tolling of the limitation period).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    This case is **DISMISSED WITHOUT PREJUDICE.**

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _27th_ day of July, 2006.

_____
UNITED STATES DISTRICT JUDGE

ps 7/26
c:
Charles Franklin Tomblin

- 4 -